# Exhibit B



**Boat U.S. Documentation Services**
Attn: Judy R. Grovner
4115 Columbia Road
Suite 5-335
Martinez, GA 30907
Phone: 706-869-8241
Fax: 706-869-8250

October 7, 2008

Roger Nickels
Comerica Bank
2340 Orchard Lake
Sylvan Lake, MI 48320

Mr. Nickels,

The enclosed mortgage has been recorded with the U.S. Coast for the vessel that was purchased
by Grantland I. Kingman and financed through your institution. Please fax this page back to me
at (706) 869-8250 so that I will know you received it. Thank you.

Enclosed you will find a Satisfaction of Mortgage which will need to be executed and mailed to
the U.S. Coast Guard once the loan has been paid off. The address for the Coast Guard is as
follows:

> U.S. Coast Guard
> National Vessel Documentation Center
> 792 T J Jackson Drive
> Falling Waters, WV 25419

Cordially,

*Judy R. Grovner*

Judy R. Grovner
BoatU.S. Documentation Services

Enclosures (4)
Grantland I. Kingman – First Preferred Ship's Mortgage
(Documentation # 560167)

SIGNATURE _____

2486825101

*SAMPLE*
*(Oct. 2007)*

# SATISFACTION OR RELEASE OF
# MORTGAGE, CLAIM OF LIEN or PREFERRED MORTGAGE

Vessel Name and Official Number:   MONARCH − 560167

Name of Mortgagor (if any):   GRANTLAND I. KINGMAN

Name of Mortgagee OR Claimant:   COMERICA BANK

Amount of Mortgage or Claim of Lien:   $156,000.00

Recorded in Book No./Batch No.   654178   , Page No/Document ID   9331656

Mortgagee or Claimant requests that the indebtedness referenced above be discharged from the record of subject vessel.

Signature_____ Date _____

Print name and title, if any, of person signing:

_____

STATE OF _____ COUNTY or JUDICIAL DISTRICT _____

On this date the individual named above, in his/her stated capacity, personally appeared before me and acknowledged that this instrument was signed as a free and voluntary act and deed for the uses and purposes therein mentioned

_____          _____

DATE                              Signature of NOTARY PUBLIC

  AFFIX
  NOTARY SEAL                     Date Commission Expires _____
  IF REQUIRED

One *ORIGINAL or one copy of the Satisfaction/Release must be sent to:*
U.S. Coast Guard
National Vessel Documentation Center
792 T J Jackson Drive
Falling Waters, WV  25419

*SAMPLE*
*(Oct. 2007)*

# SATISFACTION OR RELEASE OF
# MORTGAGE, CLAIM OF LIEN or PREFERRED MORTGAGE

Vessel Name and Official Number:  __MONARCH – 560167__ _____.

Name of Mortgagor (if any): __GRANTLAND I. KINGMAN__ _____

Name of Mortgagee OR Claimant: __COMERICA BANK__ _____

Amount of Mortgage or Claim of Lien:  __$156,000.00__ _____

Recorded in Book No./Batch No.  __654178__, Page No/Document ID __9331656__

Mortgagee or Claimant requests that the indebtedness referenced above be discharged from the record of subject vessel.


Signature_____ Date _____

Print name and title, if any, of person signing:

_____


STATE OF _____ COUNTY or JUDICIAL DISTRICT _____

On this date the individual named above, in his/her stated capacity, personally appeared before me and acknowledged that this instrument was signed as a free and voluntary act and deed for the uses and purposes therein mentioned


_____          _____
DATE                                         Signature of NOTARY PUBLIC

   AFFIX
   NOTARY SEAL                      Date Commission Expires _____
   IF REQUIRED


One *ORIGINAL or one copy of the Satisfaction/Release must be sent to*:
U.S. Coast Guard
National Vessel Documentation Center
792 T J Jackson Drive
Falling Waters, WV  25419

Document Type: MORTGAGE
Batch Number: 654178
Document ID: 9331656
User ID: SCANNER6
Filed Date/Time: 15-AUG-2008 09:20 AM

# Mortgage
### ory Note

This is a First Preferred Ship Mortgage (the "Mortgage") dated     July 24, 2008     on the whole (100%) of the vessel ("Vessel") named

## MONARCH

as also described in the Note. The obligation that is or may become secured by the Mortgage is $156000.00** plus interest, expenses and fees and the full performance of all of the terms and conditions of this Mortgage.

**PARTIES: Mortgagor(s):**     GRANTLAND I. KINGMAN

3316 HARBOUR BLVD

WATERFORD, MI 48328

who, together with the Other Owners identified below, own the whole (100%) of the Vessel

**Other Owners:**                          owning        % of the Vessel, residing at

owning        % of the Vessel, residing at

**Mortgagee:**     COMERICA BANK

P.O. BOX 75000, DETROIT, MI 48275

The words, "Mortgagor", and "Mortgagor's" mean each and every person (including individuals, partners, trustees, limited liability companies, corporations, or other entities) who signs this Mortgage as Mortgagor. "Other Owner" means each and all of the persons who have signed the Note and this Mortgage as an Other Owner to secure that Other Owner's interest in the Vessel to Mortgagee under the terms of the Note and this Mortgage and whose personal liability is limited as provided in the Note and this Mortgage. "Guarantor" means each and all of the persons/corporations who have unconditionally and irrevocably (personally) guaranteed the payment and performance of all of the Obligations.

**Mortgage Obligation:** This Mortgage secures Mortgagor's obligations now due or which may become due in the future to Mortgagee under this Mortgage and under a promissory note now held by Mortgagee dated     July 24, 2008     and such other note, promissory note, or debt instrument which Mortgagor executes and which is intended to be secured by this Mortgage (all hereinafter the "Note") requiring monthly payments of principal, interest, charges, expenses and fees ("Debt"), which Note is given by Mortgagor as borrower to Mortgagee or to a third party which may have assigned to Mortgagee its rights under the Note as lender to be secured by this Mortgage on the Vessel.

**Promise To Pay:** Mortgagor will pay the Debt and perform all the obligations under this Mortgage and the Note.

**Payment Schedule:** Mortgagor will pay the principal and interest on the Debt in 240 monthly payments of $1,280.33 each beginning on   August 23. 2008   and thereafter on the same day of each consecutive month with a final estimated payment of $1,280.33 . Interest may accrue at a fixed or variable rate as provided in the Note. A more detailed description of Mortgagor's payment obligation is contained in the Note.

**Multiple Mortgagors:** If more than one person signs this Mortgage as Mortgagor, each such person, separately, individually, and jointly, is responsible for paying the full amount of the Debt and doing everything required of Mortgagor. Mortgagee may require any one co-Mortgagor to pay the entire amount of the Debt without notifying or requiring payment from any other person. Mortgagee may, but does not commit to, at any time or from time to time, give one Mortgagor extensions to pay or change or release his or her or its responsibility without releasing any co-Mortgagor or without treating any co-Mortgagor in the same way. Mortgagor's obligation to pay is absolute and unconditional.

**Other Owner:** Each person who signs this Mortgage as an Other Owner does not thereby become personally liable on the Note or for the Debt, but each Other Owner does make all of the other warranties and promises of the Mortgagor herein. Mortgagee may make any accommodations with regard to the terms of this Mortgage or the Note without notifying or obtaining the consent of such Other Owner and without releasing such Other Owner or modifying this Mortgage as to that Other Owner's interest in the Vessel.

**Mortgage:** In consideration of Mortgagee's extension of credit and to secure the Debt, and subject to the terms and conditions of this Mortgage, Mortgagor hereby grants, mortgages, and conveys to Mortgagee the whole (100%) of the Vessel named and described in this Mortgage, to have and to hold the whole of the Vessel unto Mortgagee, Mortgagee's successors and assigns, for Mortgagee's use and benefit forever, provided that if Mortgagor repays the Debt and keeps all of the promises made in and secured by this Mortgage, then this Mortgage and the estate and rights hereby granted shall cease and be void. Mortgagor acknowledges and agrees that, in addition to this Mortgage, Mortgagee retains and reserves any other security interests or rights Mortgagor has granted Mortgagee, or may grant Mortgagee, in the future, outside this Mortgage, for the purpose of securing the Debt. All freights, charter hire, earnings, revenue, profits and proceeds of sale or lease of the Vessel, or proceeds of requisition of title to the Vessel and insurance claim payments and returned or unearned premiums, whether in the form of cash or other property, derived from the Vessel are also hereby mortgaged, conveyed and assigned unto Mortgagee on the conditions and estates of this Mortgage.

**Vessel Description:** 1974 HINCKLEY 49 KETCH        **O.N.#:** 560167        **HIN#:** HRH4901841974        **Gross Tons:**        **Net Tons:**

**Mooring/Storage: Winter -**                                     **Summer -**

Together with masts, towers, cables, engines, machinery, bowsprits, sails, rigging, auxiliary boats, anchors, chains, tackle, furniture, fittings, tools, pumps, radar and other electronic or other equipment and supplies, and all fishing and other attachments and accessories, now forming part of the Vessel or used in or on the Vessel or which may become part of the Vessel in the future, whether or not removed from the Vessel (all called the "Vessel"). If Mortgagor is not a corporation and the Vessel was purchased primarily for Mortgagor's own non-business use, the lien of this Mortgage shall not cover any items added to the Vessel more than 10 days after the date of the Note that are not made a part of the Vessel.

Mortgagor also grants Mortgagee a security interest in all monies and claims for monies which may be payable due to the actual, constructive, agreed, arranged or compromised total loss, requisition for title or use, seizure, condemnation, confiscation, sequestration or compulsory acquisition or other interference with Mortgagor's ownership or use of the Vessel by act of any country or of any governmental authority or otherwise. Mortgagor also grants Mortgagee a security interest in all claims for damages or compensation with respect thereto and proceeds of all policies of insurance now or hereafter taken out in respect of the Vessel including all claims of whatsoever nature and return of premiums.

**Citizenship:** Mortgagor is, and shall continue to be, a citizen of the United States as required by the laws pertaining to the documentation and any trading privileges of the Vessel until this Mortgage is fully paid and performed.

**Right To Own And Operate:** The Vessel is documented in Mortgagor's name under the laws of the United States. Mortgagor owns the Vessel and shall continue to be entitled to own and operate the Vessel under her marine document. Mortgagor represents and warrants that if the Vessel is documented with other than a recreational endorsement, it always shall be under the command of a citizen of the United States.

Page 1 of 4

# First Preferred Ship Mortgage

### Securing A Promissory Note

This is a First Preferred Ship Mortgage (the "Mortgage") dated          July 24, 2008          on the whole (100%) of the vessel ("Vessel") named

## MONARCH

as also described in the Note. The obligation that is or may become secured by the Mortgage is **$156000.00\*\*** plus interest, expenses and fees and the full performance of all of the terms and conditions of this Mortgage.

**PARTIES: Mortgagor(s):**     GRANTLAND I. KINGMAN

3316 HARBOUR BLVD

WATERFORD, MI 48328

who, together with the Other Owners identified below, own the whole (100%) of the Vessel

| Other Owners: | | |
|---|---|---|
| | owning | % of the Vessel, residing at |
| | owning | % of the Vessel, residing at |

**Mortgagee:**     COMERICA BANK

P.O. BOX 75000, DETROIT, MI  48275

The words, "Mortgagor", and "Mortgagor's" mean each and every person (including individuals, partners, trustees, limited liability companies, corporations, or other entities) who signs this Mortgage as Mortgagor. "Other Owner" means each and all of the persons who have signed the Note and this Mortgage as an Other Owner to secure that Other Owner's interest in the Vessel to Mortgagee under the terms of the Note and this Mortgage and whose personal liability is limited as provided in the Note and this Mortgage. "Guarantor" means each and all of the persons/corporations who have unconditionally and irrevocably (personally) guaranteed the payment and performance of all of the Obligations.

**Mortgage Obligation:** This Mortgage secures Mortgagor's obligations now due or which may become due in the future to Mortgagee under this Mortgage and under a promissory note now held by Mortgagee dated     July 24, 2008     and such other note, promissory note, or debt instrument which Mortgagor executes and which is intended to be secured by this Mortgage (all hereinafter the "Note") requiring monthly payments of principal, interest, charges, expenses and fees ("Debt"), which Note is given by Mortgagor as borrower to Mortgagee or to a third party which may have assigned to Mortgagee its rights under the Note as lender to be secured by this Mortgage on the Vessel.

**Promise To Pay:** Mortgagor will pay the Debt and perform all the obligations under this Mortgage and the Note.

**Payment Schedule:** Mortgagor will pay the principal and interest on the Debt in 240 monthly payments of  $1,280.33  each beginning on   August 23, 2008   and thereafter on the same day of each consecutive month with a final estimated payment of $1,280 33 . Interest may accrue at a fixed or variable rate as provided in the Note. A more detailed description of Mortgagor's payment obligation is contained in the Note.

**Multiple Mortgagors:** If more than one person signs this Mortgage as Mortgagor, each such person, separately, individually, and jointly, is responsible for paying the full amount of the Debt and doing everything required of Mortgagor. Mortgagee may require any one co-Mortgagor to pay the entire amount of the Debt without notifying or requiring payment from any other person. Mortgagee may, but does not commit to, at any time or from time to time, give one Mortgagor extensions to pay or change or release his or her or its responsibility without releasing any co-Mortgagor or without treating any co-Mortgagor in the same way. Mortgagor's obligation to pay is absolute and unconditional.

**Other Owner:** Each person who signs this Mortgage as an Other Owner does not thereby become personally liable on the Note or for the Debt, but each Other Owner does make all of the other warranties and promises of the Mortgagor herein. Mortgagee may make any accommodations with regard to the terms of this Mortgage or the Note without notifying or obtaining the consent of such Other Owner and without releasing such Other Owner or modifying this Mortgage as to that Other Owner's interest in the Vessel.

**Mortgage:** In consideration of Mortgagee's extension of credit and to secure the Debt, and subject to the terms and conditions of this Mortgage, Mortgagor hereby grants, mortgages, and conveys the whole (100%) of the Vessel named and described in this Mortgage, to have and to hold the whole of the Vessel unto Mortgagee, Mortgagee's successors and assigns, for Mortgagee's use and benefit forever, provided that if Mortgagor repays the Debt and keeps all of the promises made in and secured by this Mortgage, then this Mortgage and the estate and rights hereby granted shall cease and be void. Mortgagor acknowledges and agrees that, in addition to this Mortgage, Mortgagee retains and reserves any other security interests or rights Mortgagor has granted Mortgagee, or may grant Mortgagee in the future, outside this Mortgage, for the purpose of securing the Debt. All freights, charter hire, earnings, revenue, profits and proceeds of sale or lease of the Vessel, or proceeds of requisition of title to the Vessel and insurance claim payments and returned or unearned premiums, whether in the form of cash or other property, derived from the Vessel are also hereby mortgaged, conveyed and assigned unto Mortgagee on the conditions and estates of this Mortgage.

| Vessel Description: 1974 HINCKLEY 49 KETCH | O.N.#: 560167 | HIN#: HRH4901841974 | Gross Tons: | Net Tons: |
|---|---|---|---|---|

**Mooring/Storage: Winter -**          Summer - -

Together with masts, towers, cables, engines, machinery, bowsprits, sails, rigging, auxiliary boats, anchors, chains, tackle, furniture, fittings, tools, pumps, radar and other electronic or other equipment and supplies, and all fishing and other attachments and accessories, now forming part of the Vessel or used in or on the Vessel or which may become part of the Vessel in the future, whether or not removed from the Vessel (all called the "Vessel"). If Mortgagor is not a corporation and the Vessel was purchased primarily for Mortgagor's own non-business use, the lien of this Mortgage shall not cover any items added to the Vessel more than 10 days after the date of the Note that are not made a part of the Vessel.

Mortgagor also grants Mortgagee a security interest in all monies and claims for monies which may be payable due to the actual, constructive, agreed, arranged or compromised total loss, requisition for title or use, seizure, condemnation, confiscation, sequestration or compulsory acquisition or other interference with Mortgagor's ownership or use of the Vessel by act of any country or of any governmental authority or otherwise. Mortgagor also grants Mortgagee a security interest in all claims for damages or compensation with respect thereto and proceeds of all policies of insurance now or hereafter taken out in respect of the Vessel including all claims of whatsoever nature and return of premiums.

**Citizenship:** Mortgagor is, and shall continue to be, a citizen of the United States as required by the laws pertaining to the documentation and any trading privileges of the Vessel until this Mortgage is fully paid and performed

**Right To Own And Operate:** The Vessel is documented in Mortgagor's name under the laws of the United States. Mortgagor owns the Vessel and shall continue to be entitled to own and operate the Vessel under her marine document. Mortgagor represents and warrants that if the Vessel is documented with other than a recreational endorsement, it always shall be under the command of a citizen of the United States.

Page 1 of 4

**Command By U.S. Citizen:** Mortgagor warrants that the Vessel always shall be under the command of a citizen of the United States, if required by the laws of the United States.

**Marine Document:** Mortgagor shall maintain the marine document of the Vessel in full force and effect.

**Signing, Authorization And Validity:** Mortgagor, or, if this Mortgage is given by a corporation, the Board of Directors of the corporation, or if this Mortgage is given by a limited liability company, partnership or trust, the authorized member(s), partner(s) or trustee(s), have signed or authorized and directed the signing of all papers and taken all actions necessary for the signing and delivery of this Mortgage and the Note which created the Debt secured by this Mortgage. The Note and this Mortgage are valid and enforceable.

**Good Standing Of Corporate Grantor, Partnership, Trust:** If this Mortgage is given by a corporation or a limited liability company, Mortgagor represents and warrants that Mortgagor is properly incorporated or organized and validly exists under the laws of the state of Mortgagor's incorporation or organization, and Mortgagor will continue in good standing under the laws of the state of Mortgagor's incorporation or organization, and Mortgagor will continue to be qualified to do business (if required to do so by applicable law) in every state in which Mortgagor does business until this Mortgage is fully paid and performed. If this Mortgage is given by a partnership or a trust, Mortgagor shall not, without Mortgagee's prior written permission, add or remove any partners, amend the partnership agreement or dissolve the partnership, or add or remove any trustees, or amend the trust agreement or revoke the trust, as may be applicable, until this Mortgage is fully paid and performed. Mortgagor shall not, without 30 days prior written notice to the Mortgagee, change Mortgagor's name, identity, or ownership. Mortgagor represents and warrants that the execution, delivery, and performance of this Mortgage by Mortgagor or on Mortgagor's behalf is duly authorized by all necessary corporate or partnership action or by all trustees, as appropriate, and does not contravene any articles of incorporation or organization, bylaws, agreements, or trusts, as they may apply to Mortgagor.

**No Prior Liens:** Mortgagor warrants that at the date of this Mortgage, the Vessel is free from all prior liens and encumbrances except for the lien created in Mortgagee's favor to secure the Debt. Neither Mortgagor nor anyone else has or shall have any authority to create, incur, or permit to be placed on the Vessel or any part thereof any lien whatsoever, including any maritime lien, other than to Mortgagee, or for crew's wages or salvage. Mortgagor shall post such notice on the Vessel and Mortgagor shall otherwise give such notice to that effect at such time(s) as Mortgagee may reasonably require. If any maritime lien on the Vessel arises or is claimed, Mortgagor agrees that Mortgagor will, within 30 days from inception of the lien claim, satisfy the lien claim or post adequate security to release the Vessel from the lien claim.

**Title Warranty:** Mortgagor represents and warrants that Mortgagor lawfully owns the whole (100%) of the Vessel. This means that Mortgagor is responsible for Mortgagee's expenses or losses if anyone else successfully claims an interest in the Vessel or any part of it.

**Risk Of Loss:** At all times Mortgagor bears the risk of damage to, theft, destruction or other loss of the Vessel. Damage, theft, destruction or other loss of the Vessel will not release Mortgagor from Mortgagor's obligations to Mortgagee. Mortgagor will let Mortgagee know as soon as Mortgagor can, and not later than within 48 hours, if the Vessel becomes damaged, is stolen or destroyed, or disappears.

**Insurance And Notice Of Loss:** Until Mortgagor has fully paid the Debt and fully performed the Mortgage, Mortgagor will maintain in full force and effect fire, theft, and "all risk" marine hull and machinery and Protection & Indemnity insurance on the Vessel, and such other insurance covering such risks and perils, upon such terms and in such amount and with such endorsements as Mortgagee may reasonably require. In addition to protecting Mortgagor, the insurance must protect Mortgagee as a loss payee and as an additional insured (without liability for payment of premium) and must be written for at least one year at a time. The amount of Mortgagor's marine hull and machinery insurance shall not be less than the market value of the Vessel or the unpaid amount of the Debt, whichever is greater (except as otherwise restricted by law). The underwriter and deductible amount on Mortgagor's insurance must be reasonably satisfactory to Mortgagee. Mortgagee may sign any proof of loss and endorse any check, draft, or other form of payment issued by the insurance company or its agent as a loss payment and Mortgagor hereby appoints Mortgagee as Mortgagor's attorney-in-fact for this purpose. This power of attorney shall not be affected by Mortgagor's disability. Proceeds of the insurance may be used either to repair the Vessel or to reduce the Debt, in Mortgagee's discretion. If Mortgagor's insurance lapses or is canceled at any time before this Mortgage is fully paid and performed, Mortgagee must be given prompt notice of said lapse or cancellation. In the event of lapse or cancellation, or in the event of Mortgagor's failure to pay any premiums when due or otherwise to provide or maintain insurance coverage, Mortgagee may, but is not obligated to, buy replacement coverage protecting Mortgagor and Mortgagee, or Mortgagee alone. Mortgagor will repay the premiums at Mortgagee's request with interest at the rate in effect under the Note.

**Change Of Residence:** Mortgagor will notify Mortgagee promptly, not later than within 30 days, if Mortgagor changes Mortgagor's principal residence or principal place of business.

**Use Of Vessel:** Mortgagor promises that at no time prior to payment of the Debt in full will Mortgagor use the Vessel for any commercial purpose, as Mortgagor's principal dwelling, or for bareboat charter, without Mortgagee's express prior written consent. Unless Mortgagor is in default under this Agreement and Mortgagee exercises any of Mortgagee's remedies upon default, Mortgagor will be permitted to retain actual possession and use of the Vessel. The Vessel may be operated only for pleasure, unless Mortgagee otherwise agrees in writing. The Vessel may be operated only within the geographical limits and other requirements of the marine insurance covering the Vessel. Mortgagor shall not dispose of or transfer the Vessel or any part of Mortgagor's interest in the Vessel, without Mortgagee's prior written permission. Mortgagor shall not use, nor allow the use of, the Vessel for any illegal purpose or contrary to any provision of the laws, treaties, regulations or orders of the United States or other jurisdictions in which the Vessel is operated. The illegal commerce in, or possession, carriage, or use of, any firearms or controlled substance whatsoever on or about the Vessel is absolutely prohibited.

**Location Of Vessel:** Mortgagor will not, without Mortgagee's prior written approval, remove the Vessel from its location shown above (except for winter storage) other than for voyages with the intent of returning in less than six months. Mortgagor will inform Mortgagee of any different winter storage location. Mortgagor will not abandon the Vessel.

**Displaying Notice And Exhibiting Mortgage:** Mortgagor(s) certify that they have placed aboard and posted prominently in the Vessel and, shall keep in the Vessel, a proper copy of this Mortgage with the Vessel's papers and show the Mortgage to all persons having business with the Vessel, and to Mortgagee on demand, and shall place and keep prominently displayed in the pilot house (if any), chart room, Master's cabin, or elsewhere on the Vessel as specified by Mortgagee a notice of this Mortgage reading as follows:

## NOTICE OF PREFERRED MORTGAGE

NOTICE IS HEREBY GIVEN THAT this Vessel is subject to a first priority Preferred Mortgage in favor of _____ COMERICA BANK _____, under the authority of the laws of the United States of America, Title 46, United States Code, Chapter 313, Sections 31301 and following. Under the terms of said Preferred Mortgage, neither the Owner, Agent, any Charterer, nor the Master of the Vessel, nor any other person has any right, power or authority to create, incur or permit to be imposed upon this Vessel any lien whatsoever other than for crew's wages or salvage.

If Mortgagee has received notice of any assignment of this Mortgage, Mortgagor shall be obligated immediately to replace the original Notice of Preferred Mortgage with a new Notice of Preferred Mortgage in the form specified above, but substituting therein the name of the assignee of the Mortgage in place of the name of the original Mortgagee.

**Charges And Taxes:** Mortgagor shall pay when due any lawful repair bills, storage bills, dockage charges, taxes, fines or other charges with respect to the Vessel, its purchase or use. Mortgagee may, but does not commit to, pay any of these charges if Mortgagor does not. If Mortgagee does pay any of these charges, Mortgagor will repay Mortgagee on demand, with interest at the rate in effect under the Note.

**Care Of The Vessel:** Mortgagor will keep the Vessel in good condition and repair at all times. Mortgagor shall not, without Mortgagee's prior written consent, make any substantial change or alteration in the Vessel, its structure, rigging, or engines.

**Seizure:** Mortgagor will notify Mortgagee promptly, not later than within 48 hours, by telephone confirmed by telegraph or cable if the Vessel is arrested, libeled, attached, detained, seized or levied upon or taken into custody by any court or other authority, or if Mortgagor becomes aware that any claim of lien upon the Vessel has been filed or prosecuted. Mortgagor will immediately take steps to have the Vessel released, or take such other steps as Mortgagee may reasonably require, including posting bond or security for the Vessel. In the event the Vessel is seized, arrested or detained by any government authority, Mortgagor authorizes Mortgagee to disclose any information which Mortgagee deems necessary to protect Mortgagee's interest in the Vessel and Mortgagor further authorizes Mortgagee or Mortgagee's agents in Mortgagor's name and as Mortgagor's attorney in fact to (i) receive or take

possession of the Vessel, and (ii) defend any action and/or discharge any lien, and (iii) refer the protection of the Mortgagee's interest to an attorney not Mortgagee's salaried employee and receive from Mortgagor reasonable attorneys fees. This power of attorney shall not be affected by Mortgagor's disability.

**Alteration-To Vessel:** Mortgagor shall not, without Mortgagee's prior written consent, make any substantial change or alteration in the Vessel except as necessary for compliance with the provisions of this Mortgage or the Note. Such consent shall not be unreasonably withheld so long as the utility or value of the Vessel is not reduced.

**Inspection Of Vessel And Books:** Mortgagor will at all times let Mortgagee inspect the Vessel and its cargoes and papers (including, but not limited to, any relevant certificate of title, license, certificate of documentation or other vessel document, ship mortgage and policy of insurance) and examine Mortgagor's related accounts and records. Mortgagor shall tell Mortgagee quarterly and, if Mortgagee requests, monthly, that all wages and all other claims which might have created a lien on the Vessel have been paid.

**Certification of Payment of Expenses:** Mortgagor shall, upon Mortgagee's request, certify that all wages and expenses and all other claims whatsoever which might have given rise to a lien upon the Vessel have been paid.

**Reimbursement Of Mortgagee:** If Mortgagee expends funds for any purpose under this Mortgage (including, for the purpose of exercising any of Mortgagee's remedies) or the protection of Mortgagee's interest in the Vessel, such as payment of taxes, insurance premiums, maintenance and repair of the Vessel, or discharge of any lien claim, arrest or seizure of the Vessel, such expenditure will be for Mortgagor's account and Mortgagor will repay to Mortgagee the full amount of such expenditure on demand, with interest at the highest rate applicable to the Debt, and all such unpaid amounts shall constitute an additional part of the Debt secured by this Mortgage until paid in full. Mortgagee is not obligated to make any such expenditure. Any such expenditure Mortgagee may make will not cure Mortgagor's default or waive any of Mortgagee's rights or remedies.

**Further Assurances:** From time to time, Mortgagor shall sign and deliver to Mortgagee any documents and assurances, or complete any markings, that Mortgagee or Mortgagee's attorney may require to obtain and maintain the first priority of this Mortgage and to help Mortgagee carry out a resale or other disposition of the Vessel in the event it becomes necessary for Mortgagee to repossess it, or foreclose Mortgagee's mortgage lien through judicial process. Mortgagor hereby appoints Mortgagee as Mortgagor's attorney-in-fact for all of the foregoing purposes, and this power of attorney shall not be affected by Mortgagor's disability.

**Financial Reporting:** If this Mortgage is given by a business entity, it will give Mortgagee any annual and other periodic financial reports that Mortgagee may reasonably request.

**Default:** Mortgagor will be in default if, at any time, Mortgagor (1) has made a false or misleading statement about any important fact in this Mortgage or in the related Note or application for credit approval; or (2) does not make any payment or pay any other sum when due under the Note or this Mortgage; or (3) breaches any warranty, promise or agreement Mortgagor has made in this Mortgage, the Note, or any other note or security agreement made by Mortgagor in Mortgagee's favor effective now or in the future; or (4) dies or becomes incompetent or otherwise unable to make timely payments of any sum due under the Note or this Mortgage; or (5) becomes insolvent, or (6) files for bankruptcy, receivership, insolvency or similar proceedings, or any assignment for the benefit of creditors, or similar relief, or creditors institute any such proceedings against Mortgagor; or if (7) the Vessel is arrested, attached, levied upon, seized, or made the subject of any legal proceeding, or held by virtue of any lien or distress, or any notice of claim of lien on the Vessel is filed with the U.S. Coast Guard or any other applicable authority; or (8) any other event occurs that Mortgagee in good faith believes endangers Mortgagor's ability to pay any sum due under the Note or this Mortgage; or (9) any other event occurs that Mortgagee in good faith believes jeopardizes or impairs the value of Mortgagee's collateral for Mortgagor's obligations under this Mortgage or Mortgagee's ability to realize that value in a foreclosure. FOR CORPORATE MORTGAGOR: If this Mortgage is given by a corporation, Mortgagee may also request full payment and foreclose on the Vessel if shares of Mortgagor's capital stock are sold or transferred to anyone who was not a guarantor of the obligation secured by this Mortgage at the time the Note was signed, or if the corporation ceases doing business as a going concern or makes an assignment for benefit of creditors, liquidates substantially all of its assets, or files for dissolution.

**Remedies Upon Default:** If Mortgagor is in default under this Mortgage and/or under the Note, Mortgagee may do any one or more of the following with or without previous notice to Mortgagor or demand for performance, except as may be required by applicable law: (1) require that Mortgagor pay immediately the full unpaid balance of the Debt; (2) set off Mortgagor's liability against or foreclose any funds of Mortgagor's held by Mortgagee in an account of general deposit or other personal property of Mortgagor's held by Mortgagee other than IRA accounts, Keogh pension plan accounts or similar retirement accounts; (3) demand that Mortgagor assemble and deliver the Vessel to Mortgagee at such location as Mortgagee may reasonably require (however, Mortgagor's delivery of the Vessel to Mortgagee will not relieve Mortgagor of Mortgagor's obligation to satisfy any deficiency which may arise upon subsequent sale or other disposition of the Vessel); (4) lawfully enter any premises where the Vessel may be located and repossess the Vessel, together with anything in or on the Vessel, with or without legal process or judicial decree and with or without previous notice or demand for performance; (5) sell or otherwise dispose of the Vessel; (6) bring suit at law, in equity, or in admiralty to foreclose Mortgagee's mortgage lien and/or recover judgment for any and all amounts due under the Note and this Mortgage, and collect the same out of any and all property covered by this Mortgage; (7) pursue any other remedy provided to Mortgagee under any applicable law; (8) refer this Mortgage to an attorney for collection or enforcement and recover reasonable attorney's fees; (9) require Mortgagor to pay collection, enforcement and court costs, including but not limited to all actual and reasonable costs of foreclosure, enforcement and collection of any amount due and payable under this Mortgage and/or the Note and all actual and reasonable costs and expenses of retaking, maintaining, repairing or rehabilitating, advertising, cleaning, storing or selling the Vessel, to the extent permitted by law. In the case of a judgment, interest on the unpaid balance of the judgment will be payable at the applicable judgment rate or, if permitted by law, at the interest rate applicable to the Debt, at Mortgagee's discretion.

**Disposition Of Vessel; Application Of Proceeds:** (1) If Mortgagee repossesses the Vessel without judicial process, Mortgagee may, in Mortgagor's name or Mortgagee's name, at Mortgagee's discretion, sell, lease, charter, operate or otherwise use the Vessel as Mortgagee may deem advisable, without being responsible for loss or damage, and Mortgagee may keep the Vessel at Mortgagor's premises or elsewhere, at Mortgagor's expense. For this purpose and subject to any applicable state regulation, Mortgagee and Mortgagee's agents are irrevocably appointed Mortgagor's true and lawful attorneys-in-fact to make all necessary transfers of the Vessel, to pay, defend or obtain the release of all maritime liens, and to take all related actions in Mortgagor's name and stead as may be necessary and appropriate to enforce Mortgagee's rights under this Mortgage or the Note. This power of attorney shall not be affected by Mortgagor's disability. (2) The proceeds of sale or other disposition of the Vessel shall be applied in accordance with applicable law. To the extent permitted by law, any late charges, costs of retaking the Vessel, storage, costs of sale including, but not limited to, cleaning, repairing and/or maintenance expenses, auctioneer's fee, sales commission, if any, and advertising, insurance, allowable attorney's fees, collection costs, court costs, and any other necessary expenses will be paid first from the proceeds of the sale or other disposition of the Vessel. Any surplus of proceeds of sale or disposition of the Vessel over the amounts of such charges and expenses and amounts owed to Mortgagee shall be paid to Mortgagor to the extent that such surplus is not required by law to be paid to other persons with liens on the Vessel. Mortgagor shall be liable for any deficiency.

**Late Charges And Attorney's Fees:** Mortgagor agrees to pay any late charges that become due under the Note secured by this Mortgage, attorney fees and court costs as allowed in the Note.

**Reasonable Attorney's Fees:** Whenever under this Mortgage or the Note, Mortgagee is entitled to payment by Mortgagor of Mortgagee's reasonable attorney's fees incurred to enforce Mortgagee's collection rights against Mortgagor, it shall be presumed that 15% of the full amount owed under the Note and this Mortgage shall be reasonable attorney's fees unless otherwise required by applicable law.

**No Waiver Of Rights:** Mortgagee may delay in enforcing any of Mortgagee's rights without waiving Mortgagee's right to enforce such rights or any other rights at a later time. Mortgagee's rights and remedies under this Agreement are cumulative and not exclusive. No waiver by Mortgagee of any of Mortgagee's rights will be effective unless in writing and signed by Mortgagee.

**Receiver:** In any legal action, Mortgagee may have a receiver appointed for the Vessel and its earnings. Any receiver shall have full rights and powers to use and operate the Vessel and to obtain a court decree ordering and directing the sale or other disposition of the Vessel.

**Use Of The Vessel By Owner:** Unless and until Mortgagor becomes in default of this Mortgage, Mortgagor shall be permitted to retain actual possession and use of the Vessel.

**Time Is Of The Essence:** Time is of the essence in this Mortgage. This means that all required payments must be made on the day due. There are no grace periods in this Mortgage.

Page 3 of 4

Document Type: SATISFACTION
Batch Number: 654178
Document ID: 9331655
User ID: SCANNER6
Filed Date/Time: 15-AUG-2008 09:20 AM

Case 3:20-cr-03304-JAF    Doc 25-2    Filed 02/23/21    Page 9 of 23
NO. 448    P. 2

*(Sep. 2007)*

# SATISFACTION OR RELEASE OF
## MORTGAGE, CLAIM OF LIEN or PREFERRED MORTGAGE

Vessel Name and Official Number: **BAD INFLUENCE – 560167**

Name of Mortgagor (if any): **BCM, INC.**

Name of Mortgagee OR Claimant: **MIDWEST BANK AND TRUST COMPANY**

Amount of Mortgage or Claim of Lien: **$115,373.87**

Recorded in Book No./Batch No. **PM-93-2**, Page No/Document ID **986**

Mortgagee or Claimant requests that the indebtedness referenced above be discharged from the record of subject vessel.

Signature *Margaret Miller*    Date 7/16/2008

Print name and title  if any, of person signing:

MARGARET MILLER – Executive Loan Administrative Officer

STATE OF ILLINOIS COUNTY or JUDICIAL DISTRICT DuPage

On this date the individual named above, in his/her stated capacity, personally appeared before me and acknowledged that this instrument was signed as a free and voluntary act and deed for the uses and purposes therein mentioned

7-16-08
DATE

Signature of NOTARY PUBLIC *Patricia Butler*

AFFIX
NOTARY SEAL
IF REQUIRED

Date Commission Expires 11/30/08

An *ORIGINAL* of the Satisfaction/Release must be sent to:
U.S. Coast Guard
National Vessel Documentation Center
792 T J Jackson Drive
Falling Waters, WV 25419

```
"OFFICIAL SEAL"
Patricia Butler
Notary Public, State of Illinois
My Commission Expires 11/30/08
```

OMB APPROVED 1625-0027
EXPIRATION DATE:

| U.S. DEPARTMENT OF HOMELAND SECURITY U.S. COAST GUARD CG-1258 (REV. 06/04) | APPLICATION FOR INITIAL ISSUE, EXCHANGE, OR REPLACEMENT OF CERTIFICATE OF DOCUMENTATION; REDOCUMENTATION | THIS SECTION FOR COAST GUARD USE ONLY CASE NUMBER: CHECK #: FEE: $ |
|---|---|---|

NOTE. FILING THIS APPLICATION DOES NOT ENTITLE A VESSEL TO DOCUMENTATION OR TO ANY CHANGES SOUGHT ON A CERTIFICATE OF DOCUMENTATION. OFFICIAL NUMBERS DESIGNATED ON THE BASIS OF THIS APPLICATION ARE NOT TRANSFERABLE. ONLY A CURRENT CERTIFICATE OF DOCUMENTATION IS VALID FOR VESSEL OPERATION.

## I. COMPLETE FOR ALL APPLICATIONS

| A. VESSEL NAME MONARCH | B. OFFICIAL NUMBER (IF AWARDED) AND HULL IDENTIFICATION NUMBER IF ANY . 560167 HRH4901841974 | APPROVED: DATE: |
|---|---|---|

| C. NAME OF MANAGING OWNER GRANTLAND I. KINGMAN TELEPHONE NUMBER (OPTIONAL): SOCIAL SECURITY OR TAX ID NUMBER ▮▮▮▮ | D. ADDRESS OF MANAGING OWNER 3316 HARBOUR BLVD WATERFORD, MI 48328 SHOW PHYSICAL ADDRESS IF DIFFERENT FROM MAILING ADDRESS |
|---|---|

| E. NAMES AND SOCIAL SECURITY OR TAX ID NUMBERS OF ALL OTHER OWNERS | F. HAILING PORT INCLUDING STATE (TO BE MARKED ON VESSEL) ✓ |
|---|---|

ATTACH SHEET LISTING ADDITIONAL OWNERS IF NECESSARY

G. CITIZENSHIP  VESSEL OWNED:

[X] BY ONE OR MORE INDIVIDUALS

I (WE) CERTIFY THAT ALL OWNERS OF THIS VESSEL ARE CITIZENS OF THE UNITED STATES

[ ] BY JOINT VENTURE OR ASSOCIATION

I (WE) CERTIFY THAT ALL MEMBERS OF THIS (JOINT VENTURE) (ASSOCIATION) ARE CITIZENS OF THE UNITED STATES, ELIGIBLE TO DOCUMENT THE VESSELS COVERED BY THIS APPLICATION WITH THE ENDORSEMENT(S) SOUGHT IN THEIR OWN RIGHT.

[ ] IN A TRUST ARRANGEMENT

I (WE) CERTIFY THAT ALL TRUSTEES AND ALL BENEFICIARIES WITH AN ENFORCEABLE INTEREST IN THIS TRUST ARRANGEMENT ARE CITIZENS OF THE UNITED STATES, ELIGIBLE TO DOCUMENT VESSEL WITH THE ENDORSEMENT(S) SOUGHT IN THEIR OWN RIGHT.

[ ] BY A PARTNERSHIP OR LIMITED LIABILITY COMPANY
  A. GENERAL PARTNERSHIP OR LIMITED LIABILITY COMPANY (LLC)
  B. LIMITED PARTNERSHIP

I (WE) CERTIFY THAT ALL PARTNERS IN THIS PARTNERSHIP (MEMBERS OF THIS LLC) ARE CITIZENS OF THE UNITED STATES ELIGIBLE TO DOCUMENT VESSELS IN THEIR OWN RIGHT, AND THAT THE PART-NERSHIP LLC MEETS THE FOLLOWING EQUITY REQUIREMENTS: EQUITY OWNED BY U.S. CITIZENS
[ ] AT LEAST 50%   [ ] MORE THAN 50%, LESS THAN 75%   [ ] 75% OR MORE

I (WE) CERTIFY THAT ALL GENERAL PARTNERS IN THIS PARTNERSHIP ARE CITIZENS OF THE UNITED STATES, ELIGIBLE TO DOCUMENT VESSELS IN THEIR OWN RIGHT AND THAT THE PARTNERSHIP MEETS THE FOLLOWING EQUITY REQUIREMENTS, EQUITY INTEREST OWNED BY CITIZENS OF THE U.S. ELIGIBLE TO DOCUMENT VESSELS IN THEIR OWN RIGHT WITH THE ENDORSEMENT SOUGHT.
[ ] AT LEAST 50%   [ ] MORE THAN 50%, LESS THAN 75%   [ ] 75% OR MORE

[ ] VESSEL OWNED BY A CORPORATION

  A. STATE OF INCORPORATION _____

D. NUMBER OF DIRECTORS NECESSARY TO CONSTITUTE A QUORUM _____

  B. CITIZENSHIP OF PRESIDENT (AND OTHER CHIEF EXECUTIVE OFFICER, IF ANY)

E. NUMBER OF ALIEN DIRECTORS _____

  C. CITIZENSHIP OF CHAIRMAN OF THE BOARD _____

F. PERCENTAGE OF STOCK OWNED BY U.S. CITIZENS ELIGIBLE TO DOCUMENT VESSELS IN THEIR OWN RIGHT, WITH THE ENDORSEMENT(S) SOUGHT ON THIS APPLICATION (APPLIES TO ALL TIERS OF OWNERSHIP.)
[ ] LESS THAN 50%   [ ] AT LEAST 50%   [ ] MORE THAN 50%, LESS THAN 75%   [ ] 75% OR MORE

[ ] VESSEL OWNED BY A CORPORATION QUALIFIED AND APPLYING UNDER 46 CFR 68.01 (BOWATER)

CURRENT CERTIFICATE OF COMPLIANCE ATTACHED. I (WE) CERTIFY THAT THE CORPORATE STRUCTURE HAS NOT CHANGED SINCE ISSUANCE OF THAT CERTIFICATE, AND THAT THE VESSEL, IF SELF-PROPELLED, IS LESS THAN 500 GROSS TONS.

[ ] VESSEL OWNED OR OPERATED BY NOT-FOR-PROFIT OIL RECOVERY COOPERATIVE

COPY OF CURRENT LETTER OF QUALIFICATION ATTACHED. I (WE) CERTIFY THAT THE INFORMATION ON FILE WITH REGARD TO COOPERATIVE AND ISSUANCE OF THAT LETTER REMAINS UNCHANGED.

H. ENDORSEMENTS FOR WHICH APPLICATION IS MADE.   (IF MORE THAN ONE, INDICATE ESTIMATED PERCENTAGE FOR EACH)

[X] RECREATIONAL   [ ] COASTWISE   [ ] FISHERY   [ ] COASTWISE (BOWATER ONLY)

[ ] REGISTRY   [ ] OIL SPILL RESPONSE

[ ] COASTWISE UNDER CHARTER TO AN ENTITY QUALIFIED TO ENGAGE IN COASTWISE 46 APP USC 802. COPY OF CHARTER ON FILE WITH U.S.C.G

PREVIOUS EDITION OBSOLETE

SN 7530-00-F01-0800

# First Preferred Ship Mortgage

## Securing A Promissory Note

This is a First Preferred Ship Mortgage (the "Mortgage") dated    July 24, 2008    on the whole (100%) of the vessel ("Vessel") named

**MONARCH**

as also described in the Note. The obligation that is or may become secured by the Mortgage is $156000.00** plus interest, expenses and fees and the full performance of all the terms and conditions of this Mortgage.

**PARTIES: Mortgagor(s):**    GRANTLAND I KINGMAN

3316 HARBOUR BLVD

WATERFORD, MI 48328

who, together with the Other Owners identified below, own the whole (100%) of the Vessel

**Other Owners:**

|  | owning | % of the Vessel, residing at |
|---|---|---|
|  | owning | % of the Vessel, residing at |

**Mortgagee:**    COMERICA BANK

P.O BOX 75000, DETROIT, MI  48275

The words, "Mortgagor", and "Mortgagor's" mean each and every person (including individuals, partners, trustees, limited liability companies, corporations, or other entities) who signs this Mortgage as Mortgagor. "Other Owner" means each and all of the persons who have signed the Note and this Mortgage as an Other Owner to secure that Other Owner's interest in the Vessel to Mortgagee under the terms of the Note and this Mortgage and whose personal liability is limited as provided in the Note and this Mortgage. "Guarantor" means each and all of the persons/corporations who have unconditionally and irrevocably (personally) guaranteed the payment and performance of all of the Obligations

**Mortgage Obligation:** This Mortgage secures Mortgagor's obligations now due or which may become due in the future to Mortgagee under this Mortgage and under a promissory note now held by Mortgagee dated    July 24, 2008    and such other note, promissory note, or debt instrument which Mortgagor executes and which is intended to be secured by this Mortgage (all hereinafter the "Note") requiring monthly payments of principal, interest, charges, expenses and fees ("Debt"), which Note is given by Mortgagor as borrower to Mortgagee or to a third party which may have assigned to Mortgagee its rights under the Note as lender to be secured by this Mortgage on the Vessel

**Promise To Pay:** Mortgagor will pay the Debt and perform all the obligations under this Mortgage and the Note

**Payment Schedule:** Mortgagor will pay the principal and interest on the Debt in 240 monthly payments of $1,280 33 each beginning on    August 23, 2008    and thereafter on the same day of each consecutive month with a final estimated payment of $1,280 33  Interest may accrue at a fixed or variable rate as provided in the Note  A more detailed description of Mortgagor's payment obligation is contained in the Note.

**Multiple Mortgagors** If more than one person signs this Mortgage as Mortgagor, each such person, separately, individually, and jointly, is responsible for paying the full amount of the Debt and doing everything required of Mortgagor. Mortgagee may require any one co-Mortgagor to pay the entire amount of the Debt without notifying or requiring payment from any other person. Mortgagee may, but does not commit to, at any time or from time to time, give one Mortgagor extensions to pay or change or release his or her or its responsibility without releasing any co-Mortgagor or without treating any co-Mortgagor in the same way  Mortgagor's obligation to pay is absolute and unconditional.

**Other Owner:** Each person who signs this Mortgage as an Other Owner does not thereby become personally liable on the Note or for the Debt, but each Other Owner does make all of the other warranties and promises of the Mortgagor herein. Mortgagee may make any accommodations with regard to the terms of this Mortgage or the Note without notifying or obtaining the consent of such Other Owner and without releasing such Other Owner or modifying this Mortgage as to that Other Owner's interest in the Vessel.

**Mortgage:** In consideration of Mortgagee's extension of credit and to secure the Debt, and subject to the terms and conditions of this Mortgage, Mortgagor hereby grants, mortgages, and conveys to Mortgagee the whole (100%) of the Vessel named and described in this Mortgage, to have and to hold the whole of the Vessel unto Mortgagee, Mortgagee's successors and assigns, for Mortgagee's use and benefit forever; provided that if Mortgagor repays the Debt and keeps all of the promises made in and secured by this Mortgage, then this Mortgage and the estate and rights hereby granted shall cease and be void  Mortgagor acknowledges and agrees that, in addition to this Mortgage, Mortgagee retains and reserves any other security interests or rights Mortgagor has granted Mortgagee, or may grant Mortgagee in the future, outside this Mortgage, for the purpose of securing the Debt  All freights, charter hire, earnings, revenue, profits and proceeds of sale or lease of the Vessel, or proceeds of requisition of title to the Vessel and insurance claim payments and returned or unearned premiums, whether in the form of cash or other property, derived from the Vessel are also hereby mortgaged, conveyed and assigned unto Mortgagee on the conditions and estates of this Mortgage.

| Vessel Description: 1974 HINCKLEY 49 KETCH | O.N.#: 560167 | HIN#: HRH4901841974 | Gross Tons: | Net Tons: |
|---|---|---|---|---|

Mooring/Storage: Winter -

Summer -

Together with masts, towers, cables, engines, machinery, bowsprits, sails, rigging, auxiliary boats, anchors, chains, tackle, furniture, fittings, tools, pumps, radar and other electronic or other equipment and supplies, and all fishing and other attachments and accessories, now forming part of the Vessel or used in or on the Vessel or which may become part of the Vessel in the future, whether or not removed from the Vessel (all called the "Vessel"). If Mortgagor is not a corporation and the Vessel was purchased primarily for Mortgagor's own non-business use, the lien of this Mortgage shall not cover any items added to the Vessel more than 10 days after the date of the Note that are not made a part of the Vessel

Mortgagor also grants Mortgagee a security interest in all monies and claims for monies which may be payable due to the actual, constructive, agreed, arranged or compromised total loss, requisition for title or use, seizure, condemnation, confiscation, sequestration or compulsory acquisition or other interference with Mortgagor's ownership or use of the Vessel by act of any country or of any governmental authority or otherwise. Mortgagor also grants Mortgagee a security interest in all claims for damages or compensation with respect thereto and proceeds of all policies of insurance now or hereafter taken out in respect of the Vessel including all claims of whatsoever nature and return of premiums

**Citizenship:** Mortgagor is, and shall continue to be, a citizen of the United States as required by the laws pertaining to the documentation and any trading privileges of the Vessel until this Mortgage is fully paid and performed.

**Right To Own And Operate:** The Vessel is documented in Mortgagor's name under the laws of the United States  Mortgagor owns the Vessel and shall continue to be entitled to own and operate the Vessel under her marine document  Mortgagor represents and warrants that if the Vessel is documented with other than a recreational endorsement, it always shall be under the command of a citizen of the United States

Page 1 of 4

**Command By U.S. Citizen:** Mortgagor warrants that the Vessel always shall be under the command of a citizen of the United States, if required by the laws of the United States

**Marine Document:** Mortgagor shall maintain the marine document of the Vessel in full force and effect

**Signing, Authorization And Validity:** Mortgagor, or, if this Mortgage is given by a corporation, the Board of Directors of the corporation, or if this Mortgage is given by a limited liability company, partnership or trust, the authorized member(s), partner(s) or trustee(s), have signed or authorized and directed the signing of all papers and taken all actions necessary for the signing and delivery of this Mortgage and the Note which created the Debt secured by this Mortgage. The Note and this Mortgage are valid and enforceable.

**Good Standing Of Corporate Grantor, Partnership, Trust:** If this Mortgage is given by a corporation or a limited liability company, Mortgagor represents and warrants that Mortgagor is properly incorporated or organized and validly exists under the laws of the state of Mortgagor's incorporation or organization, and Mortgagor will continue in good standing under the laws of the state of Mortgagor's incorporation or organization, and Mortgagor will continue to be qualified to do business (if required to do so by applicable law) in every state in which Mortgagor does business until this Mortgage is fully paid and performed. If this Mortgage is given by a partnership or a trust, Mortgagor shall not, without Mortgagee's prior written permission, add or remove any partners, amend the partnership agreement or dissolve the partnership, or add or remove any trustees, or amend the trust agreement or revoke the trust, as may be applicable, until this Mortgage is fully paid and performed. Mortgagor shall not, without 30 days prior written notice to the Mortgagee, change Mortgagor's name, identity, or ownership. Mortgagor represents and warrants that the execution, delivery, and performance of this Mortgage by Mortgagor or on Mortgagor's behalf is duly authorized by all necessary corporate or partnership action or by all trustees, as appropriate, and does not contravene any articles of incorporation or organization, bylaws, agreements, or trusts, as they may apply to Mortgagor.

**No Prior Liens:** Mortgagor warrants that at the date of this Mortgage, the Vessel is free from all prior liens and encumbrances except for the lien created in Mortgagee's favor to secure the Debt. Neither Mortgagor nor anyone else has or shall have any authority to create, incur, or permit to be placed on the Vessel or any part thereof any lien whatsoever, including any maritime lien, other than to Mortgagee, or for crew's wages or salvage. Mortgagor shall post such notice on the Vessel and Mortgagor shall otherwise give such notice to that effect at such time(s) as Mortgagee may reasonably require. If any maritime lien on the Vessel arises or is claimed, Mortgagor agrees that Mortgagor will, within 30 days from inception of the lien claim, satisfy the lien claim or post adequate security to release the Vessel from the lien claim.

**Title Warranty:** Mortgagor represents and warrants that Mortgagor lawfully owns the whole (100%) of the Vessel. This means that Mortgagor is responsible for Mortgagee's expenses or losses if anyone else successfully claims an interest in the Vessel or any part of it.

**Risk Of Loss:** At all times Mortgagor bears the risk of damage to, theft, destruction or other loss of the Vessel. Damage, theft, destruction or other loss of the Vessel will not release Mortgagor from Mortgagee's obligations to Mortgagee. Mortgagor will let Mortgagee know as soon as Mortgagor can, and not later than within 48 hours, if the Vessel becomes damaged, is stolen or destroyed, or disappears.

**Insurance And Notice Of Loss:** Until Mortgagor has fully paid the Debt and fully performed the Mortgage, Mortgagor will maintain in full force and effect fire, theft, and "all risk" marine hull and machinery and Protection & Indemnity insurance on the Vessel, and such other insurance covering such risks and perils, upon such terms and in such amount and with such endorsements as Mortgagee may reasonably require. In addition to protecting Mortgagor, the insurance must protect Mortgagee as a loss payee and as an additional insured (without liability for payment of premium) and must be written for at least one year at a time. The amount of Mortgagor's marine hull and machinery insurance shall not be less than the market value of the Vessel or the unpaid amount of the Debt, whichever is greater (except as otherwise restricted by law). The underwriter and deductible amount on Mortgagor's insurance must be reasonably satisfactory to Mortgagee. Mortgagee may sign any proof of loss and endorse any check, draft, or other form of payment issued by the insurance company or its agent as a loss payment and Mortgagor hereby appoints Mortgagee as Mortgagor's attorney-in-fact for this purpose. This power of attorney shall not be affected by Mortgagor's disability. Proceeds of the insurance may be used either to repair the Vessel or to reduce the Debt, in Mortgagee's discretion. If Mortgagor's insurance lapses or is cancelled at any time before this Mortgage is fully paid and performed, Mortgagee must be given prompt notice of said lapse or cancellation. In the event of lapse or cancellation, or in the event of Mortgagor's failure to pay any premiums when due or otherwise to provide or maintain insurance coverage, Mortgagee may, but is not obligated to, buy replacement coverage protecting Mortgagor and Mortgagee, or Mortgagee alone. Mortgagor will repay the premiums at Mortgagee's request with interest at the rate in effect under the Note.

**Change Of Residence:** Mortgagor will notify Mortgagee promptly, not later than within 30 days, if Mortgagor changes Mortgagor's principal residence or principal place of business

**Use Of Vessel:** Mortgagor promises that at no time prior to payment of the Debt in full will Mortgagor use the Vessel for any commercial purpose, as Mortgagor's principal dwelling, or for bareboat charter, without Mortgagee's express prior written consent. Unless Mortgagor is in default under this Agreement and Mortgagee exercises any of Mortgagee's remedies upon default, Mortgagor will be permitted to retain actual possession and use of the Vessel. The Vessel may be operated only for pleasure, unless Mortgagee otherwise agrees in writing. The Vessel may be operated only within the geographical limits and other requirements of the marine insurance covering the Vessel. Mortgagor shall not dispose of or transfer the Vessel or any part of Mortgagor's interest in the Vessel, without Mortgagee's prior written permission. Mortgagor shall not use, nor allow the use of, the Vessel for any illegal purpose or contrary to any provision of the laws, treaties, regulations or orders of the United States or other jurisdictions in which the Vessel is operated. The illegal commerce in, or possession, carriage, or use of, any firearms or controlled substance whatsoever on or about the Vessel is absolutely prohibited.

**Location Of Vessel:** Mortgagor will not, without Mortgagee's prior written approval, remove the Vessel from its location shown above (except for winter storage) other than for voyages with the intent of returning in less than six months. Mortgagor will inform Mortgagee of any different winter storage location. Mortgagor will not abandon the Vessel.

**Displaying Notice And Exhibiting Mortgage:** Mortgagor(s) certify that they have placed aboard and posted prominently in the Vessel and, shall keep in the Vessel, a proper copy of this Mortgage with the Vessel's papers and show the Mortgage to all persons having business with the Vessel, and to Mortgagee on demand, and shall place and keep prominently displayed in the pilot house (if any), chart room, Master's cabin, or elsewhere on the Vessel as specified by Mortgagee a notice of this Mortgage reading as follows:

### NOTICE OF PREFERRED MORTGAGE

NOTICE IS HEREBY GIVEN THAT this Vessel is subject to a first priority Preferred Mortgage in favor of _____ COMERICA BANK _____, under the authority of the laws of the United States of America, Title 46, United States Code, Chapter 313, Sections 31301 and following. Under the terms of said Preferred Mortgage, neither the Owner, Agent, any Charterer, nor the Master of the Vessel, nor any other person has any right, power or authority to create, incur or permit to be imposed upon this Vessel any lien whatsoever other than for crew's wages or, in an emergency, for salvage.

If Mortgagor has received notice of any assignment of this Mortgage, Mortgagor shall be obligated immediately to replace the original Notice of Preferred Mortgage with a new Notice of Preferred Mortgage in the form specified above, but substituting therein the name of the assignee of the Mortgage in place of the name of the original Mortgagee.

**Charges And Taxes:** Mortgagor shall pay when due any lawful repair bills, storage bills, dockage charges, taxes, fines or other charges with respect to the Vessel, its purchase or use. Mortgagee may, but does not commit to, pay any of these charges if Mortgagor does not. If Mortgagee does pay any of these charges, Mortgagor will repay Mortgagee on demand, with interest at the rate in effect under the Note.

**Care Of The Vessel:** Mortgagor will keep the Vessel in good condition and repair at all times. Mortgagor shall not, without Mortgagee's prior written consent, make any substantial change or alteration in the Vessel, its structure, rigging, or engines

**Seizure:** Mortgagor will notify Mortgagee promptly, not later than within 48 hours, by telephone confirmed by telegraph or cable if the Vessel is arrested, libeled, attached, detained, seized or levied upon or taken into custody by any court or other authority, or if Mortgagor becomes aware that any claim of lien upon the Vessel has been filed or prosecuted. Mortgagor will immediately take steps to have the Vessel released, or take such other steps as Mortgagee may reasonably require, including posting bond or security for the Vessel. In the event the Vessel is seized, arrested or detained by any government authority, Mortgagor authorizes Mortgagee to disclose any information which Mortgagee deems necessary to protect Mortgagee's interest in the Vessel and Mortgagor further authorizes Mortgagee or Mortgagee's agents in Mortgagor's name and as Mortgagor's attorney in fact to (i) receive or take

possession of the Vessel, and (ii) defend any action and/or discharge any lien, and (iii) refer the protection of the Mortgagee's interest to an attorney not Mortgagee's salaried employee and receive from Mortgagor reasonable attorneys fees. This power of attorney shall not be affected by Mortgagor's disability

**Alteration To Vessel:** Mortgagor shall not, without Mortgagee's prior written consent, make any substantial change or alteration in the Vessel except as necessary for compliance with the provisions of this Mortgage or the Note. Such consent shall not be unreasonably withheld so long as the utility or value of the Vessel is not reduced.

**Inspection Of Vessel And Books:** Mortgagor will at all times let Mortgagee inspect the Vessel and its cargoes and papers (including, but not limited to, any relevant certificate of title, license, certificate of documentation or other vessel document, ship mortgage and policy of insurance) and examine Mortgagor's related accounts and records. Mortgagor shall tell Mortgagee quarterly and, if Mortgagee requests, monthly, that all wages and all other claims which might have created a lien on the Vessel have been paid.

**Certification of Payment of Expenses:** Mortgagor shall, upon Mortgagee's request, certify that all wages and expenses and all other claims whatsoever which might have given rise to a lien upon the Vessel have been paid

**Reimbursement Of Mortgagee:** If Mortgagee expends funds for any purpose under this Mortgage (including for the purpose of exercising any of Mortgagee's remedies) or the protection of Mortgagee's interest in the Vessel, such as payment of taxes, insurance premiums, maintenance and repair of the Vessel, or discharge of any lien claim, arrest or seizure of the Vessel, such expenditure will be for Mortgagor's account and Mortgagor will repay to Mortgagee the full amount of such expenditure on demand, with interest at the highest rate applicable to the Debt, and all such unpaid amounts shall constitute an additional part of the Debt secured by this Mortgage until paid in full. Mortgagee is not obligated to make any such expenditure. Any such expenditure Mortgagee may make will not cure Mortgagor's default or waive any of Mortgagee's rights or remedies

**Further Assurances:** From time to time, Mortgagor shall sign and deliver to Mortgagee any documents and assurances, or complete any markings, that Mortgagee or Mortgagee's attorney may require to obtain and maintain the first priority of this Mortgage and to help Mortgagee carry out a resale or other disposition of the Vessel in the event it becomes necessary for Mortgagee to repossess it, or foreclose Mortgagee's mortgage lien through judicial process. Mortgagee hereby appoints Mortgagee as Mortgagor's attorney-in-fact for all of the foregoing purposes, and this power of attorney shall not be affected by Mortgagor's disability.

**Financial Reporting:** If this Mortgage is given by a business entity, it will give Mortgagee any annual and other periodic financial reports that Mortgagee may reasonably request

**Default:** Mortgagor will be in default if, at any time, Mortgagor (1) has made a false or misleading statement about any important fact in this Mortgage or in the related Note or application for credit approval; or (2) does not make any payment or pay any other sum when due under the Note or this Mortgage, or (3) breaches any warranty, promise or agreement Mortgagor has made in this Mortgage, the Note, or any other note or security agreement made by Mortgagor in Mortgagee's favor effective now or in the future; or (4) dies or becomes incompetent or otherwise unable to make timely payments of any sum due under the Note or this Mortgage, or (5) becomes insolvent, or (6) files for bankruptcy, receivership, insolvency or similar proceedings, or any assignment for the benefit of creditors, or similar relief, or creditors institute any such proceedings against Mortgagor, or if (7) the Vessel is arrested, attached, levied upon, seized, or made the subject of any legal proceeding, or held by virtue of any lien or distress, or any notice of claim of lien on the Vessel is filed with the U.S. Coast Guard or any other applicable authority; or (8) any other event occurs that Mortgagee in good faith believes endangers Mortgagor's ability to pay any sum due under the Note or this Mortgage, or (9) any other event occurs that Mortgagee in good faith believes jeopardizes or impairs the value of Mortgagee's collateral for Mortgagor's obligations under this Mortgage or Mortgagee's ability to realize that value in a foreclosure. FOR CORPORATE MORTGAGOR. If this Mortgage is given by a corporation, Mortgagee may also request full payment and foreclose on the Vessel if shares of Mortgagor's capital stock are sold or transferred to anyone who was not a guarantor of the obligation secured by this Mortgage at the time the Note was signed, or if the corporation ceases doing business as a going concern or makes an assignment for benefit of creditors, liquidates substantially all of its assets, or files for dissolution

**Remedies Upon Default:** If Mortgagor is in default under this Mortgage and/or under the Note, Mortgagee may do any one or more of the following with or without previous notice to Mortgagor or demand for performance, except as may be required by applicable law. (1) require that Mortgagor pay immediately the full unpaid balance of the Debt; (2) set off Mortgagor's liability against or foreclose any funds of Mortgagor's held by Mortgagee in an account of general deposit or other personal property of Mortgagor's held by Mortgagee other than IRA accounts, Keogh pension plan accounts or similar retirement accounts; (3) demand that Mortgagor assemble and deliver the Vessel to Mortgagee at such location as Mortgagee may reasonably require (however, Mortgagor's delivery of the Vessel to Mortgagee will not relieve Mortgagor of Mortgagor's obligation to satisfy any deficiency which may arise upon subsequent sale or other disposition of the Vessel); (4) lawfully enter any premises where the Vessel may be located and repossess the Vessel, together with anything in or on the Vessel, with or without legal process or judicial decree and with or without previous notice or demand for performance; (5) sell or otherwise dispose of the Vessel; (6) bring suit at law, in equity, or in admiralty to foreclose Mortgagee's mortgage lien and/or recover judgment for any and all amounts due under the Note and this Mortgage, and collect the same out of any and all property covered by this Mortgage, (7) pursue any other remedy provided to Mortgagee under any applicable law; (8) refer this Mortgage to an attorney for collection or enforcement and recover reasonable attorney's fees, (9) require Mortgagor to pay collection, enforcement and court costs, including but not limited to all actual and reasonable costs of foreclosure, enforcement and collection of any amount due and payable under this Mortgage and/or the Note and all actual and reasonable costs and expenses of retaking, maintaining, repairing or rehabilitating, advertising, cleaning, storing or selling the Vessel, to the extent permitted by law. In case of a judgment, interest on the unpaid balance of the judgment will by payable at the applicable judgment rate or, if permitted by law, at the interest rate applicable to the Debt, at Mortgagee's discretion.

**Disposition Of Vessel; Application Of Proceeds:** (1) if Mortgagee repossesses the Vessel without judicial process, Mortgagee may, in Mortgagor's name or Mortgagee's name, at Mortgagee's discretion, sell, lease, charter, operate or otherwise use the Vessel as Mortgagee may deem advisable, without being responsible for loss or damage, and Mortgagee may keep the Vessel at Mortgagor's premises or elsewhere, at Mortgagor's expense. For this purpose and subject to any applicable state regulation, Mortgagor and Mortgagee's agents are irrevocably appointed Mortgagor's true and lawful attorneys-in-fact to make all necessary transfers of the Vessel, to pay, defend or obtain the release of all maritime liens, and to take all related actions in Mortgagor's name and stead as may be necessary and appropriate to enforce Mortgagee's rights under this Mortgage or the Note. This power of attorney shall not be affected by Mortgagor's disability. (2) The proceeds of sale or other disposition of the Vessel shall be applied in accordance with applicable law. To the extent permitted by law, any late charges, costs of retaking the Vessel, storage, costs of sale including, but not limited to, cleaning, repairing and/or maintenance expenses, auctioneer's fee, sales commission, if any, and advertising, insurance, allowable attorney's fees, collection costs, court costs, and any other necessary expenses will be paid first from the proceeds of the sale or other disposition of the Vessel Any surplus of proceeds of sale or disposition of the Vessel over the amounts of such charges and expenses and amounts owed to Mortgagee shall be paid to Mortgagor to the extent that such surplus is not required by law to be paid to other persons with liens on the Vessel. Mortgagor shall be liable for any deficiency

**Late Charges And Attorney's Fees:** Mortgagor agrees to pay any late charges that become due under the Note secured by this Mortgage, attorney fees and court costs as allowed in the Note

**Reasonable Attorney's Fees:** Whenever under this Mortgage or the Note, Mortgagee is entitled to payment by Mortgagor of Mortgagee's reasonable attorney fees incurred to enforce Mortgagee's collection rights against Mortgagor, it shall be presumed that 15% of the full amount owed under the Note and this Mortgage shall be reasonable attorney's fees unless otherwise required by applicable law

**No Waiver Of Rights:** Mortgagee may delay in enforcing any of Mortgagee's rights without waiving Mortgagee's right to enforce such rights or any other rights at a later time. Mortgagee's rights and remedies under this Agreement are cumulative and not exclusive. No waiver by Mortgagee of any of Mortgagee's rights will be effective unless in writing and signed by Mortgagee.

**Receiver:** In any legal action, Mortgagee may have a receiver appointed for the Vessel and its earnings. Any receiver shall have full rights and powers to use and operate the Vessel and to obtain a court decree ordering and directing the sale or other disposition of the Vessel.

**Use Of The Vessel By Owner:** Unless and until Mortgagor becomes in default of this Mortgage, Mortgagor shall be permitted to retain actual possession and use of the Vessel.

**Time Is Of The Essence:** Time is of the essence in this Mortgage. This means that all required payments must be made on the day due. There are no grace periods in this Mortgage.

Page 3 of 4

**Assignment of Mortgage:** This Mortgage may be assigned by Mortgagee at any time without prior notice to Mortgagor.

**Notices:** Any notice required or permitted to be given hereunder shall be deemed properly given: (i) upon delivery, if delivered in person or by commercial courier, (ii) upon completion of transmission if sent by facsimile transmission (telefax), or (iii) five (5) days after mailing by first class or registered or certified mail, postage prepaid, addressed to the recipient at the address specified herein of this Mortgage, or to such other address as such party may have designated by written notice given to the other.

**Liability of Guarantors:** Upon Mortgagor's default under this Mortgage, Mortgagee may seek and obtain payment from one or more of such Guarantors or Other Borrowers with or without prior notice to Mortgagor before seeking payment from Mortgagor. This will not release Mortgagor's responsibilities under this Mortgage, nor will it waive Mortgagee's right to subsequently enforce this Mortgage against Mortgagor.

**Conflict or Inconsistency of Terms:** In the event of any conflict between the terms of this Mortgage and the terms of the Note, the Guaranty or any other document related to this transaction, the terms of this Mortgage shall control.

**Additional Security:** This Mortgage is given as additional security to secure payment of the Debt and performance of the obligations hereunder and under the Note

**Governing Law:** The parties have chosen federal law, including, but not limited to, Title 46, Subtitle III, Chapter 313 of the United States Code, "Commercial Instruments and Maritime Liens" (46 U.S.C. § 31301 and the sections following) to govern this Mortgage. In particular, 46 U.S.C. § 31322 (b) governs the interest or finance charge provisions of the Note and this Mortgage, and no State law is applicable thereto. If there are substantive issues other than those relating to interest or finance charges on which there is no established federal law and which cannot be resolved without reference to law other than federal law, then and only to such extent, the law of the State of MICHIGAN     shall be applicable to this transaction. Notwithstanding the foregoing, to the extent that the remedies available to Mortgagee under federal law are not exclusive, Mortgagee reserves the right to exercise any of the remedies available to a secured lender under the laws of, including the Uniform Commercial Code as adopted in, any place where the Vessel may be located, including, without limitation, the remedy of nonjudicial repossession and sale.

**Invalid Provisions, Amendments:** If any provision of this Mortgage cannot be enforced, the rest of the Mortgage will stay in effect. Any change in the terms of this Mortgage must be made in writing and signed by Mortgagee and Mortgagor.

MORTGAGOR grants the Mortgage described above and agrees to the terms and conditions of this Mortgage  Mortgagor acknowledges a completely filled-in copy of this Mortgage before signing it  As of the day and year written at the beginning of this Mortgage, Mortgagor has executed this Mortgage under Seal, or if a corporation or limited liability company, caused this Mortgage to be signed in the corporate or company name and Sealed by its proper corporate or company officers or members or agents who were duly authorized to do so on behalf of the corporation or company, or if by a partnership, caused this Agreement to be executed under Seal by all of its general partners duly authorized on behalf of the partnership and their own behalf, individually, or if a trust, caused this Agreement to be executed under Seal by all of its trustees on behalf of the trust pursuant to authority granted by the trust

WITNESS: _____

Kelly Horner.

MORTGAGOR: _____ (SEAL)

GRANTLAND I. KINGMAN

WITNESS: _____

MORTGAGOR:

_____ (SEAL)

**THE FOLLOWING OTHER OWNER(S) JOIN IN GRANTING THIS PREFERRED MORTGAGE TO MORTGAGEE AND AGREE TO THE TERMS AND CONDITIONS OF THIS PREFERRED MORTGAGE.**

WITNESS: _____

OTHER OWNER #1:

_____ (SEAL)

WITNESS: _____

OTHER OWNER #2:

_____ (SEAL)

ACKNOWLEDGMENT

STATE OF: MICHIGAN

COUNTY OF: Oakland

(Individual Mortgagor) I HEREBY CERTIFY that on this 24 day of July , 20 08, before me, a Notary Public, personally appeared, GRANTLAND I. KINGMAN

(known to me or satisfactorily proven) who acknowledged that he/she/they executed the foregoing document (First Preferred Ship Mortgage) of his/her/their own free act and deed for the uses and purposes set forth.

(Corporate Mortgagor) I HEREBY CERTIFY that on this _____ day of _____, 20 ___, before me, a Notary Public, personally appeared, who being duly sworn, deposed and said he/she is the _____ of _____, the corporation which is described in and which executed the foregoing instrument and by order of the Board of Directors for this corporation he/she signed his/her name hereto and acknowledged it to be the free act and deed of said corporation.

(Other Owner(s)) I HEREBY CERTIFY that on this _____ day of _____, 20 ___, before me, a Notary Public, personally appeared,

(known to me or satisfactorily proven) who acknowledged that he/she/they executed the foregoing document (First Preferred Ship Mortgage) of his/her/their own free act and deed for the uses and purposes set forth.

IN WITNESS WHEREOF, I HEREUNTO SET MY HAND AND OFFICIAL SEAL.

My commission expires: 7-11-12.

Notary Public

ROGER J NICKELS
Notary Public - Michigan
Oakland County
My Commission Expires Jul 11, 2012
Acting In the County of Oakland

Page 4 of 4

**ComericA**    **Disclosure About Required Insurance**

To: Grantland I Kingman

3316 Harbours Blvd

Waterford, MI 48328

[Name(s) and address(es) of loan applicant(s)]

1. You have made an application to Comerica Bank ("we", "us", "our", or "Comerica") for a loan. One of the conditions to making the loan is that you obtain and maintain the following insurance:

**HOMEOWNERS/HAZARD and/or EARTHQUAKE (If applicable)**

The loan documents will specify certain requirements concerning required insurance.

"CALIFORNIA CIVIL CODE SECTION 2955.5. HAZARD INSURANCE DISCLOSURE: No lender shall require a borrower, as a condition of receiving or maintaining a loan secured by real property, to provide hazard insurance coverage against risks to the improvements on that real property in an amount exceeding the replacement value of the improvements on the property."

Under Arizona law, a lender may not require a borrower, as a condition of receiving or maintaining a loan secured by real property, to provide hazard insurance coverage against risks to the improvements on that real property in an amount exceeding the replacement value of the improvements on the property.

2. This required insurance is available from our affiliate Comerica Insurance Services, Inc. If you would like to obtain information about insurance products available from them, you may call Comerica Insurance Services at 1-800-713-0336.

3. We will not require, as a condition of making the loan, that you buy any insurance product from us or Comerica Insurance Services, Inc. We will not require that you buy any policy or contract of insurance through a particular agent or agency or with a particular insurer. The purchase of any insurance product from us or Comerica Insurance Services, Inc. is optional and will not in any way affect current or future credit decisions. The required insurance coverage may be obtained from an insurer of your choice, subject to our right to reject for reasonable cause any particular insurer. This Disclosure is not to be considered an approval of your loan.

COMERICA BANK

By

I (we) confirm that the statements made in Paragraph 3 above were made to me (us) at the earlier of (i) the time I (we) first asked Comerica about the availability of the required insurance or (ii) the time when Comerica first informed me (us) that the required insurance is available through Comerica Insurance Services, Inc.

Dated: 07/24/2008

Grantland I Kingman

(11/05) - (CAD)CADISCLOSURE

## Comerica

### Automatic Payment Authorization (Installment Lending)

I hereby authorize Comerica Bank to charge the herein designated account each month for the regular monthly loan payment due on my loan account designated below. My loan payment will be charged to my account on the contract due date each month unless this day is a Saturday, Sunday or holiday, in which case, it will be made on the following business day. I understand that Comerica Bank must receive this authorization **at least twenty** (20) business days before my next scheduled payment. Adjusting entries to correct errors are also authorized. It is agreed these adjustments may be made electronically and under the rules of any applicable Automated Clearing House Association. This authorization will remain in effect until I notify Comerica Bank otherwise in writing. I recognize this authorization does not in any way whatsoever affect my responsibilities under my contract with Comerica Bank.

Brantland Kingman
Customer Name(s)

08-23-08
Payment Due Date (1st Automatic Deduction)

3316 Harbours Blvd
Address

Waterford
City

MI
State

48328
Zip Code

07/24/2008
Date

Area Code/Phone Number

For Payment Of Loan Account Number_____

Charge My/Our: Checking Account Number_____

Credit Union Share - Draft Account Number_____

Savings - Savings Account Number_____

Credit Union Share - Savings Account Number_____

My Account is with: _____
Name of Financial Institution

Area Code/Phone Number

Institution Number: _____
(Financial Institution Routing Symbol - Nine Digits)

Please enclose a Deposit Slip or a voided check from your present financial institution that contains your correct account number.

Customer Signature(s)

Date   7/24/08
07/24/2008

AUTOMATIC PAYMENT AUTHORIZATION (Installment Lending) – Solo Page

OMB APPROVED 1625-0027
EXPIRATION DATE:

| U S DEPARTMENT OF HOMELAND SECURITY U S COAST GUARD CG-1258 (REV 06/04) | APPLICATION FOR INITIAL ISSUE, EXCHANGE, OR REPLACEMENT OF CERTIFICATE OF DOCUMENTATION; REDOCUMENTATION | THIS SECTION FOR COAST GUARD USE ONLY |
|---|---|---|

THIS SECTION FOR COAST GUARD USE ONLY

CASE NUMBER

CHECK #

FEE. $

NOTE  FILING THIS APPLICATION DOES NOT ENTITLE A VESSEL TO DOCUMENTATION OR TO ANY CHANGES SOUGHT ON A CERTIFICATE OF DOCUMENTATION  OFFICIAL NUMBERS DESIGNATED ON THE BASIS OF THIS APPLICATION ARE NOT TRANSFERABLE   ONLY A CURRENT CERTIFICATE OF DOCUMENTATION IS VALID FOR VESSEL OPERATION

## I  COMPLETE FOR ALL APPLICATIONS

A  VESSEL NAME

MONARCH

B. OFFICIAL NUMBER (IF AWARDED) AND HULL IDENTIFICATION NUMBER IF ANY

560167

HRH4901841974

APPROVED.

DATE.

C  NAME OF MANAGING OWNER

GRANTLAND I. KINGMAN

TELEPHONE NUMBER (OPTIONAL):

SOCIAL SECURITY OR TAX ID NUMBER

D. ADDRESS OF MANAGING OWNER

3316 HARBOUR BLVD
WATERFORD, MI  48328

SHOW PHYSICAL ADDRESS IF DIFFERENT FROM MAILING ADDRESS

E  NAMES AND SOCIAL SECURITY OR TAX ID NUMBERS OF ALL OTHER OWNERS

F  HAILING PORT INCLUDING STATE (TO BE MARKED ON VESSEL)

✓Southwest HARBOR, ME

ATTACH SHEET LISTING ADDITIONAL OWNERS IF NECESSARY

G  CITIZENSHIP  VESSEL OWNED:

[X] BY ONE OR MORE INDIVIDUALS

[ ] BY JOINT VENTURE OR ASSOCIATION

I (WE) CERTIFY THAT ALL OWNERS OF THIS VESSEL ARE CITIZENS OF THE UNITED STATES

I (WE) CERTIFY THAT ALL MEMBERS OF THIS (JOINT VENTURE) (ASSOCIATION) ARE CITIZENS OF THE UNITED STATES, ELIGIBLE TO DOCUMENT THE VESSELS COVERED BY THIS APPLICATION WITH THE ENDORSEMENT(S) SOUGHT IN THEIR OWN RIGHT.

[ ] IN A TRUST ARRANGEMENT

I (WE) CERTIFY THAT ALL TRUSTEES AND ALL BENEFICIARIES WITH AN ENFORCEABLE INTEREST IN THIS TRUST ARRANGEMENT ARE CITIZENS OF THE UNITED STATES, ELIGIBLE TO DOCUMENT VESSEL WITH THE ENDORSEMENT(S) SOUGHT IN THEIR OWN RIGHT.

[ ] BY A PARTNERSHIP OR LIMITED LIABILITY COMPANY

A  GENERAL PARTNERSHIP OR LIMITED LIABILITY COMPANY (LLC)

B  LIMITED PARTNERSHIP

I (WE) CERTIFY THAT ALL PARTNERS IN THIS PARTNERSHIP  (MEMBERS OF THIS LLC) ARE CITIZENS OF THE UNITED STATES ELIGIBLE TO DOCUMENT VESSELS IN THEIR OWN RIGHT, AND THAT THE PART- NERSHIP, LLC MEETS THE FOLLOWING EQUITY REQUIREMENTS:  EQUITY OWNED BY U.S. CITIZENS [ ] AT LEAST 50%    [ ] MORE THAN 50%, LESS THAN 75%    [ ] 75% OR MORE

I (WE) CERTIFY THAT ALL GENERAL PARTNERS IN THIS PARTNERSHIP ARE CITIZENS OF THE UNITED STATES, ELIGIBLE TO DOCUMENT VESSELS IN THEIR OWN RIGHT AND THAT THE PARTNERSHIP MEETS THE FOLLOWING EQUITY REQUIREMENTS, EQUITY INTEREST OWNED BY CITIZENS OF THE U.S. ELIGIBLE TO DOCUMENT VESSELS IN THEIR OWN RIGHT WITH THE ENDORSEMENT SOUGHT. [ ] AT LEAST 50%    [ ] MORE THAN 50%, LESS THAN 75%    [ ] 75% OR MORE

[ ] VESSEL OWNED BY A CORPORATION

A. STATE OF INCORPORATION _____

B  CITIZENSHIP OF PRESIDENT (AND OTHER CHIEF EXECUTIVE OFFICER, IF ANY) _____

C  CITIZENSHIP OF CHAIRMAN OF THE BOARD _____

[ ] VESSEL OWNED BY A CORPORATION QUALIFIED AND APPLYING UNDER 46 CFR 68 01 (BOWATER)

[ ] VESSEL OWNED OR OPERATED BY NOT-FOR-PROFIT OIL RECOVERY COOPERATIVE

D. NUMBER OF DIRECTORS NECESSARY TO CONSTITUTE A QUORUM _____

E. NUMBER OF ALIEN DIRECTORS _____

F. PERCENTAGE OF STOCK OWNED BY U.S. CITIZENS ELIGIBLE TO DOCUMENT VESSELS IN THEIR OWN RIGHT, WITH THE ENDORSEMENT(S) SOUGHT ON THIS APPLICATION (APPLIES TO ALL TIERS OF OWNERSHIP.) [ ] LESS THAN 50%    [ ] AT LEAST 50%    [ ] MORE THAN 50%, LESS THAN 75%    [ ] 75% OR MORE

CURRENT CERTIFICATE OF COMPLIANCE ATTACHED.  I (WE) CERTIFY THAT THE CORPORATE STRUCTURE HAS NOT CHANGED SINCE ISSUANCE OF THAT CERTIFICATE, AND THAT THE VESSEL, IF SELF-PROPELLED, IS LESS THAN 500 GROSS TONS.

COPY OF CURRENT LETTER OF QUALIFICATION ATTACHED  I (WE) CERTIFY THAT THE INFORMATION ON FILE WITH REGARD TO COOPERATIVE AND ISSUANCE OF THAT LETTER REMAINS UNCHANGED.

H  ENDORSEMENTS FOR WHICH APPLICATION IS MADE    (IF MORE THAN ONE, INDICATE ESTIMATED PERCENTAGE FOR EACH)

[X] RECREATIONAL    [ ] COASTWISE    [ ] FISHERY    [ ] COASTWISE (BOWATER ONLY)

[ ] REGISTRY    [ ] OIL SPILL RESPONSE

[ ] COASTWISE UNDER CHARTER TO AN ENTITY QUALIFIED TO ENGAGE IN COASTWISE 46 APP USC 802  COPY OF CHARTER ON FILE WITH U S C G

SN 7530-00-F01-0800

PREVIOUS EDITION OBSOLETE

REVERSE OF CG-1258 (REV. '06/04)

## I. PRIMARY SERVICE

- [ ] COMMERCIAL FISHING BOAT
- [ ] FISH PROCESSING VESSEL
- [ ] FREIGHT SHIP
- [ ] FREIGHT BARGE
- [ ] INDUSTRIAL VESSEL
- [ ] MOBILE OFFSHORE DRILLING UNIT
- [ ] OIL RECOVERY
- [ ] OFFSHORE SUPPLY VESSEL

- [ ] PASSENGER (6 OR FEWER)
- [ ] PASSENGER (MORE THAN 6)
- [ ] PASSENGER BARGE (6 OR FEWER)
- [ ] PASSENGER BARGE (MORE THAN 6)
- [ ] PUBLIC FREIGHT
- [ ] PUBLIC TANKSHIP/BARGE
- [ ] PUBLIC VESSEL, UNC
- [ ] RESEARCH VESSEL

- [ ] SCHOOL SHIP
- [ ] TANK BARGE
- [ ] TANK SHIP
- [ ] TOWING VESSEL
- [ ] UNCLASSIFIED VESSEL
- [X] RECREATIONAL

## J PURPOSE OF APPLICATION

- [X] 1. EXCHANGE OF CERTIFICATE OF DOCUMENTATION.
- [ ] 2. REPLACEMENT OF LOST, WRONGFULLY WITHHELD OR MUTILATED CERTIFICATE OF DOCUMENTATION.
- [ ] 3. RETURN TO DOCUMENTATION FOLLOWING DELETION, NAME OF VESSEL WHEN LAST DOCUMENTED:
- [ ] 4. APPLICATION FOR OFFICIAL NUMBER AND FIRST CERTIFICATE OF DOCUMENTATION. VESSEL

  - [ ] WAS BUILT AT _____ IN _____
    OR                                                                    MONTH/YEAR
  - [ ] IS UNDER CONSTRUCTION AT _____ AND IS SCHEDULED FOR COMPLETION IN_____

  HULL MATERIAL: [ ] WOOD    [ ] STEEL    [X] FIBROUS REINFORCED PLASTIC    [ ] ALUMINUM    [ ] CONCRETE.

  - [ ] OTHER (DESCRIBE) _____
  APPROXIMATE LENGTH OF VESSEL _____ 43.8' _____

  PREVIOUS NAMES, NUMBERS, OR FOREIGN REGISTRATIONS OF VESSEL _____

## K. CERTIFICATION:  I (WE) CERTIFY THAT:

(A) I AM (WE ARE) A CITIZEN(S) OF THE UNITED STATES AND LEGALLY AUTHORIZED TO EXECUTE THIS APPLICATION IN THE CAPACITY SHOWN;

(B) THAT THE VESSEL(S) TO WHICH THIS APPLICATION APPLIES;

(i)    [ ] HAS (HAVE) BEEN MARKED    OR    [X] WILL BE MARKED

IN ACCORDANCE WITH THE DIRECTIONS IN THE INSTRUCTION SHEET (CG-1258-A) FOR THIS APPLICATION;
(ii)   WILL AT ALL TIMES REMAIN UNDER THE COMMAND OF A U.S. CITIZEN, UNLESS DOCUMENTED SOLELY WITH A RECREATIONAL ENDORSEMENT.
(iii)  WILL NOT BE OPERATED IN A TRADE NOT AUTHORIZED BY THE ENDORSEMENT(S) ON THE CERTIFICATE(S) OF DOCUMENTATION;
(iv)   HAS NOT BEEN REBUILT SINCE LAST DOCUMENTATION
(v)    THE VESSEL IS
       [X] NOT TITLED UNDER A STATE  OR  [ ] IS TITLED UNDER THE LAWS OF _____
(C) THE NAME(S) OF THE VESSEL(S) WILL NOT BE CHANGED WITHOUT APPROVAL FROM NATIONAL VESSEL DOCUMENTATION CENTER; AND
(D) I (WE) WILL PROMPTLY NOTIFY THE NATIONAL VESSEL DOCUMENTATION CENTER UPON A CHANGE IN ANY OF THE INFORMATION OR REPRESENTATIONS IN THIS APPLICATION.

PRINTED OR TYPED NAME          SIGNATURE          CAPACITY  (E.G., OWNER, AGENT, TRUSTEE, GENERAL PARTNER, CORPORATE OFFICER)

GRANTLAND I. KINGMAN          *[signature]*          OWNER

DATE. 7/24/08

## PRIVACY ACT STATEMENT

IN ACCORDANCE WITH 5 U.S.C. 553a, THE FOLLOWING INFORMATION IS PROVIDED TO YOU WHEN SUPPLYING PERSONAL INFORMATION TO THE U.S. COAST GUARD.

1. AUTHORITY. SOLICITATION OF THIS INFORMATION IS AUTHORIZED BY 46 U.S.C. CHAPTERS 121 AND 125; 46 U.S.C. APP. 802 AND 883.
2. THE PRINCIPAL PURPOSES FOR WHICH THIS INFORMATION IS TO BE USED ARE:
    (1) TO DETERMINE CITIZENSHIP OF THE OWNER OF THE VESSEL FOR WHICH APPLICATION FOR DOCUMENTATION IS MADE; AND
    (2) TO DETERMINE ELIGIBILITY OF THE VESSEL TO BE DOCUMENTED WITH THE TRADE ENDORSEMENT SOUGHT.
3. THE ROUTINE USES WHICH MAY BE MADE OF THIS INFORMATION INCLUDE RELEASE TO LAW ENFORCEMENT OFFICIALS, TO THE GENERAL PUBLIC UNDER FREEDOM OF INFORMATION ACT, AND TO PUBLISH INFORMATION ABOUT U.S. DOCUMENTED VESSELS.
4. DISCLOSURE OF THE INFORMATION REQUESTED ON THIS FORM IS VOLUNTARY, HOWEVER, FAILURE TO PROVIDE THE INFORMATION REQUESTED WILL RESULT IN DENIAL OF THE APPLICATION FOR DOCUMENTATION, WHICH MAY PREVENT THE OWNER FROM OPERATING THE VESSEL(S) IN A SPECIFIED TRADE.
AN AGENCY MAY NOT CONDUCT OR SPONSOR, AND A PERSON IS NOT REQUIRED TO A COLLECTION OF INFORMATION UNLESS IT DISPLAYS A VALID OMB CONTROL NUMBER.

THE COAST GUARD ESTIMATES THAT THE AVERAGE BURDEN FOR THIS FORM IS 30 MINUTES.  YOU MAY SUBMIT ANY COMMENTS CONCERNING THE ACCURACY OF THIS BURDEN ESTIMATE OR MAKE SUGGESTIONS FOR REDUCING THE BURDEN TO: U.S. COAST GUARD, NATIONAL VESSEL DOCUMENTATION CENTER, 792 T J JACKSON DRIVE, FALLING WATERS, WEST VIRGINIA 25419, OR OFFICE OF MANAGEMENT AND BUDGET, PAPERWORK REDUCTION PROJECT (1625-0027), WASHINGTON, DC 20503.

07-16-08     12:17     From midwest bank                    +16303230531           T-233   P.002/002   F-778
JUL. 15. 2008   4:14PM     LFI 708 478 7667         .                    NO. 448   P. 2

*(Rep. 2007)*

# SATISFACTION OR RELEASE OF
## MORTGAGE, CLAIM OF LIEN or PREFERRED MORTGAGE

Vessel Name and Official Number: __BAD INFLUENCE - 560167__

Name of Mortgagor (if any): __BCM, INC.__

Name of Mortgagee OR Claimant: __MIDWEST BANK AND TRUST COMPANY__

Amount of Mortgage or Claim of Lien: __$115,373.87__

Recorded in Book No./Batch No. __PM-93-2__, Page No/Document ID __985__

Mortgagee or Claimant requests that the indebtedness referenced above be discharged from the record of subject vessel.

Signature _Margaret Miller_     Date __7/16/2008__

Print name and title if any, of person signing:

MARGARET MILLER- Executive Loan Administrative officer

STATE OF __ILLINOIS__   COUNTY or JUDICIAL DISTRICT __DuPage__

On this date the individual named above, in his/her stated capacity, personally appeared before me and acknowledged that this instrument was signed as a free and voluntary act and deed for the uses and purposes therein mentioned

__7-16-08__
DATE

Signature of NOTARY PUBLIC

AFFIX
NOTARY SEAL
IF REQUIRED

Date Commission Expires __11/30/08__

An ORIGINAL of the Satisfaction/Release must be sent to.
U.S. Coast Guard
National Vessel Documentation Center
792 T J Jackson Drive
Falling Waters, WV 25419

"OFFICIAL SEAL"
Patricia Butler
Notary Public, State of Illinois
My Commission Expires 11/30/08

File Number ███████ .



## To all to whom these Presents Shall Come, Greeting:

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that

R. Q. M., INC., A DOMESTIC CORPORATION, INCORPORATED UNDER THE LAWS OF THIS STATE ON NOVEMBER 12, 1986, APPEARS TO HAVE COMPLIED WITH ALL THE PROVISIONS OF THE BUSINESS CORPORATION ACT OF THIS STATE RELATING TO THE PAYMENT OF FRANCHISE TAXES, AND AS OF THIS DATE, IS IN GOOD STANDING AS A DOMESTIC CORPORATION IN THE STATE OF ILLINOIS.



**In Testimony Whereof,** I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, this   21ST day of      JULY        A.D.      2008      .

*Jesse White*

SECRETARY OF STATE

Authentication #: 0820901340
Authenticate at: http://www.cyberdriveillinois.com

FORM **BCA 5.10/5.20** (rev. Dec. 2003)
STATEMENT OF CHANGE OF
REGISTERED AGENT AND/OR
REGISTERED OFFICE
Business Corporation Act

Jesse White, Secretary of State
Department of Business Services
501 S. Second St., Rm. 350
Springfield, IL 62756
217-782-3647
www.cyberdriveillinois.com

Remit payment in the form of a
check or money order payable
to Secretary of State.

_____ File #_____ Filing Fee: $25    Approved: _____

————— Submit in duplicate ————— Type or Print clearly in black ink ————— Do not write above this line —————

1. Corporate Name: R.Q.M. Inc.

2. State or Country of Incorporation: Illinois

3. Name and Address of Registered Agent and Registered Office as they appear on the records of the Office of the
   Secretary of State (before change):

   Registered Agent: Michael H. Rose

   | First Name | Middle Name | Last Name |
   
   Registered Office: 533 Ashland Avenue

   | Number | Street | Suite # (P.O. Box alone is unacceptable) |
   
   Chicago Heights, IL   60411                                   Cook

   | City | ZIP Code | County |

4. Name and Address of Registered Agent and Registered Office shall be (after all changes herein reported):

   Registered Agent: Dough Management Company

   | First Name | Middle Name | Last Name |
   
   Registered Office: 9440 Enterprise Drive

   | Number | Street | Suite # (P.O. Box alone is unacceptable) |
   
   Mokena, IL  60448                                            Will

   | City | ZIP Code | County |

5. The address of the registered office and the address of the business office of the registered agent, as changed, will
   be identical.

6. The above change was authorized by: ("X" one box only)
   a. ☑  Resolution duly adopted by the board of directors. (See Note 5 on reverse.)
   b. ☐  Action of the registered agent. (See Note 6 on reverse.)

**SEE REVERSE FOR SIGNATURE(S).**

Printed by authority of the State of Illinois. February 2008 — 10M — C-135.16

07/17/2008  15:45    7885349232
JUL. 17, 2008  2:56PM    LFI 708 478 7667         K AND P NSY                NU. 496      PAGE  01

7. **If authorized by the board of directors, sign here. (See Note 5 below.)**
The undersigned corporation has caused this statement to be signed by a duly authorized officer who affirms, under penalties of perjury, that the facts stated herein are true and correct.

Dated __July 17__ , __2008__  R.O.M. Inc.
         Month & Day          Year         Exact Name of Corporation

Carl Adventson, as President

Name and Title (type or print)

**If change of registered office by registered agent, sign here. (See Note 6 below.)**
The undersigned, under penalties of perjury, affirms that the facts stated herein are true and correct.

Dated _____
        Month & Day          Year         Signature of Registered Agent of Record

_____
Name (type or print)
If Registered Agent is a corporation,
Name and Title of officer who is signing on its behalf.

### NOTES

1. The registered office may, but need not be, the same as the principal office of the corporation. However, the registered office and the office address of the registered agent must be the same.

2. The registered office must include a street or road address (P.O. Box alone is unacceptable).

3. A corporation cannot act as its own registered agent.

4. If the registered office is changed from one county to another, the corporation must file with the Recorder of Deeds of the new county a certified copy of the Articles of Incorporation and a certified copy of the Statement of Change of Registered Office. Such certified copies may be obtained ONLY from the Secretary of State.

5. Any change of registered agent must be by resolution adopted by the board of directors. This statement must be signed by a duly authorized officer.

6. The registered agent may report a change of the registered office of the corporation for which he/she is a registered agent. When the agent reports such a change, this statement must be signed by the registered agent. If a corporation is acting as the registered agent, a duly authorized officer of such corporation must sign this statement.

Printed by authority of the State of Illinois. February 2006 — 10M — C-193.18

*(Sep. 2007)*

## SATISFACTION OR RELEASE OF
## MORTGAGE, CLAIM OF LIEN or PREFERRED MORTGAGE

Vessel Name and Official Number: __BAD INFLUENCE - 560167__

Name of Mortgagor (if any): __ROM, INC.__

Name of Mortgagee OR Claimant: __MIDWEST BANK AND TRUST COMPANY__

Amount of Mortgage or Claim of Lien: __$115,373.87__

Recorded in Book No./Batch No. __FN-93-2__, Page No/Document ID __986__

Mortgagee or Claimant requests that the indebtedness referenced above be discharged from the record of subject vessel.

Signature __Margaret Miller__    Date __7/16/2008__

Print name and title if any, of person signing:

__MARGARET MILLER - Executive Loan Administrative officer__

STATE OF __ILLINOIS__ COUNTY or JUDICIAL DISTRICT __DuPage__

On this date the individual named above, in his/her stated capacity, personally appeared before me and acknowledged that this instrument was signed as a free and voluntary act and deed for the uses and purposes therein mentioned

__7-16-08__
DATE

Signature of NOTARY PUBLIC __Patricia Butler__

AFFIX
NOTARY SEAL
IF REQUIRED

Date Commission Expires __11/30/08__

An *ORIGINAL of the Satisfaction/Release must be sent to:*
U.S. Coast Guard
National Vessel Documentation Center
792 T J Jackson Drive
Falling Waters, WV 25419

"OFFICIAL SEAL"
Patricia Butler
Notary Public, State of Illinois
My Commission Expires 11/30/08